JOANNA T. LYNCH *vs.* CHESTER A. MORRIS ET AL.

York.     Opinion, June 14, 1934.

*Louis B. Lausier,*
*William P. Donahue,* for plaintiff.
*Willard & Willard,* for defendants.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, HUDSON, JJ.

THAXTER, J. This is an action for personal injuries. The plaintiff was the passenger in an automobile driven by the defendant, Mary Morris, whose husband, Chester A. Morris, is joined as a defendant, on the ground that he directed and controlled the operation of the car. After a verdict for the plaintiff against both defendants, the case is before us on their motion for a new trial and on an exception by them to the refusal of the presiding Justice to give a requested instruction.

The defendants' car was proceeding in a southerly direction on the Limerick Road so called. Mr. Morris was seated beside his wife on the front seat, and according to the plaintiff's testimony was giving her instructions in the management of the car. It was about midnight on April 30, 1932. The plaintiff was sitting alone on the rear seat. As the defendants were entering a left-hand curve in the road, an automobile driven by one Albert Neveux approached proceeding in the opposite direction. On the curve a collision took place. Two occupants of the Neveux car were killed, and the plaintiff and Mr. and Mrs. Morris were severely injured.

It seems reasonably clear that the impact took place while the defendants' car was on its own right-hand side of the road. The contention of the plaintiff, however, is that as Mrs. Morris rounded the curve she pulled her car toward the left of the road, that when the other automobile appeared she, with the aid of her husband, managed to pull her car back to its own proper side, but too late to indicate to Neveux that she was not going to continue on in his path, and that Neveux to avoid her swung violently to the left at the same time that she bore to the right. The defendants contend that at all times they were on their own side of the road, and that the accident took place because of the excessive speed of the other car and the consequent inability of the driver to hold it on his right side of the road as he pursued his course on the short side of the turn.

Neveux testified that as he rounded the turn he was on his own side of the road, that he suddenly came on the defendants' car proceeding directly toward him on the wrong side, and that to avoid

an accident he cut across the road to the left. Miss Lynch testified that as they rounded the turn Mrs. Morris bore to the left and was a little to the left of the center of the road. Counsel for the defendants claim that this testimony is inconsistent with her deposition used in a previous case brought by Pelletier's administratrix against the defendants. In this deposition she stated that the Morris car was in the middle of the road. Her two statements are not necessarily inconsistent. In her present testimony she does not claim that the whole body of the car was on the left side of the highway, and if it was in the middle, at least one-half of it would of necessity have been on the left of the center line. She stated that as the Neveux car appeared, Mr. Morris grabbed the wheel and pulled their car sharply to the right. On the other hand Mr. and Mrs. Morris both testified that at no time was their car turned from their own side of the road. There is here a square conflict in the testimony. Defendants' counsel tries, however, to draw conclusions from the supposed position of the cars after the accident. It is conceded that the Neveux car went off the road on its left side of the highway. But on the all important point as to the position of the Morris car there is a surprising disagreement among the witnesses. Those offered by the plaintiff claim that it was in the middle of the road, those of the defendants state that it was on the extreme right. That the defendants' automobile was at the time of the collision on its own right of the highway does not, however, necessarily prove that prior to the impact it was not on the wrong side of the road and did not seasonably turn to its right.

The evidence both direct and circumstantial in the case is sharply conflicting. It was for the jury to determine where the truth lay, and the proper deductions to be drawn from the facts as they found them. If they believed the testimony of the plaintiff and of Neveux, they were fully justified in finding as they did for the plaintiff.

The defendants requested the following instruction which the Court refused to give.

"If you find the defendants were driving on their own right hand side of the center line of the highway, just before the accident, and at a reasonable rate of speed, and that they had no chance to avoid the accident, your verdict must be for the defendants."

The case was tried by the plaintiff on the theory that the Morris car was being driven on the wrong side of the highway and did not turn soon enough to the right. It seems to have been assumed by counsel and by the Court, and from a careful reading of the evidence and the judge's charge the jury must have clearly understood that if they believed the testimony of Mr. and Mrs. Morris, there was no negligence on their part. To have given the requested instruction under such circumstances would only have confused the jury, for the question at issue was not whether just before the accident the defendants' car was on its own right of the highway, but whether, if it was being driven on the left of the center line, it seasonably turned to the right.

*Motion overruled.*
*Exception overruled.*